IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **SHANE MCCONNELL,** | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| | ) | |
| **ACCENTURE, INC.**, an Illinois corporation | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff, Shane McConnell, by and through his attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., for his complaint against defendants, Accenture, Inc. ("Accenture") seeking redress for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Family and Medical Leave Act (FMLA), 29 U.S.C.§ 2601 *et seq.*, states as follows:

**PARTIES**

1. Plaintiff Shane McConnell ("Plaintiff") resides in the State of Illinois.

2. Defendant Accenture, Inc. ("Accenture") is a corporation formed under the laws of the State of Illinois operating continuously in within this judicial district.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper the United States District Court for the Northern District of Illinois on Plaintiff's claims brought pursuant to the ADA and FMLA. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367, among other statutes.

4. Venue is proper in pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claim arises out of incidents which occurred within this judicial district.

1

**FACTS COMMON TO ALL CLAIMS**

5. In January 2013, Accenture hired Plaintiff to work as a Senior Computer Forensics Investigator.

6. Prior to joining Accenture, Plaintiff earned and established a distinguished reputation and career in the law enforcement and computer forensics industry.

7. For example, prior to being hired by Accenture, Plaintiff worked, among other places, as a Special Investigator for the Lake County State's Attorney's Office, as a Detective and Computer Forensics Investigator for the Grayslake Police Department, and as a Master Instructor for Guidance Software.

8. While employed at Accenture, Plaintiff worked as a Senior Investigator for the Global Computer Incident Response Team, leading over 50 computer and computer network experts responsible for technological findings and information in high-level sensitive internal investigations. Plaintiff was also responsible for developing and leading monthly computer forensic training for employees and training for new hires.

9. During the period of time when he worked at Accenture, with Accenture's knowledge and consent, Plaintiff held a part-time position in law enforcement serving his community working as a police officer for a local police department ("the Police Department").

10. During his employment at Accenture, Plaintiff provided to his managers private personal health information.

11. During his employment for Accenture, Plaintiff requested and received approval to take leaves of absence from work for FMLA-protected reasons, including between October 2015 and February 2016 when Plaintiff suffered from a serious health condition.

12. In May 2016, Plaintiff took two days off of work due to a medical condition. When he returned to work, Plaintiff provided his managers with a doctor's note to substantiate that he had seen a medical professional and was cleared to return to work.

13. Shortly thereafter, one of Accenture's employees contacted Plaintiff's Police Department supervisor and made statements about Plaintiff directed by and/or on behalf of Accenture.

14. In particular, Accenture's employee identified himself to Plaintiff's Police Department supervisor and stated, among other things, that Plaintiff was being terminated by Accenture because Plaintiff purportedly was "having mental issues" and based on purported "information" Accenture had about Plaintiff's "mental status."

15. Accenture's statements about Plaintiff were untrue, were made with knowledge of the falsity of those statements, were made with actual malice and/or were made with a reckless disregard as to the falsity of those statements. For example, during the call, Accenture's employee repeatedly requested that Plaintiff's Police Department supervisor "keep this call quiet" and not tell Plaintiff about the call.

16. On or about June 8, 2016, Accenture terminated Plaintiff.

17. Accenture had no legitimate non-discriminatory or non-retaliatory reason to terminate Plaintiff.

18. When Accenture terminated Plaintiff, Accenture refused to give Plaintiff a reason for why he was being terminated and/or could not articulate a legitimate reason for why Plaintiff was being terminated.

19. Accenture's purported reasons for terminating Plaintiff were mere pretexts for unlawful employment practices under the ADA and/or FMLA.

## COUNT I
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT)

20. Plaintiff incorporates herein by reference paragraphs 1-19 of this Complaint as paragraph 20 of this Count I.

21. Plaintiff brings this claim subsequent to the timely filing of a Charge of Discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit A and incorporated herein by reference.

22. Plaintiff brings this claim pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a copy of which is attached as Exhibit B.

23. Plaintiff brings this discrimination claim pursuant to the ADA.

24. Plaintiff was a person protected by the provisions of the ADA when he was employed by Accenture.

25. Accenture is an "employer" as defined by the ADA.

26. In violation of the ADA, Accenture engaged in the discriminatory acts described in the Charge of Discrimination attached as Exhibit A and incorporated herein by reference.

27. During his employment with Accenture, Plaintiff met or exceeded Accenture's legitimate employment expectations.

28. At all times during his employment with Accenture, Plaintiff was qualified to perform the essential functions of his job.

29. However, Accenture perceived and regarded Plaintiff as having a disability, including having a mental impairment that substantially limited one or more major life activities including, but not limited to, concentrating, thinking, communicating and working.

30. For example, Accenture stated publicly that Plaintiff was being terminated purportedly because Plaintiff was having "mental issues" and based on information Accenture purportedly had about Plaintiff's "mental state."

31. For these and other reasons, Accenture discriminated against Plaintiff in violation of the ADA by terminating him because Accenture regarded Plaintiff as having a disability.

32. Plaintiff has been the victim of unlawful discrimination in violation of the ADA.

33. As a result of Accenture's conduct, Plaintiff has suffered injury to his career as well as other injuries for which he is entitled to damages and equitable relief under the ADA.

34. Accenture's discriminatory conduct was done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, plaintiff Shane McConnell respectfully requests that the Court enter judgment in his favor and against defendant Accenture in an amount to be determined at trial including an order:

A. Finding that Accenture intentionally and willfully discriminated against Plaintiff, in violation of the ADA;

B.   Reinstating Plaintiff to his former position, or a comparable position, with respect to pay and responsibilities or, if Accenture cannot reinstate the Plaintiff, to award the Plaintiff front pay, lost employee benefits and retirement benefits until he attains the age of 75;

C.   Making the Plaintiff whole by awarding back pay and benefits;

D.   Awarding all available legal relief including compensatory and punitive damages;

E.   Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

F.   Awarding pre-judgment interest in an amount to be determined at the time of trial; and

G.   Awarding any such other relief as is just and equitable.

## COUNT II
### (VIOLATION OF THE FAMILY MEDICAL LEAVE ACT)

35.   Plaintiff incorporates herein by reference paragraphs 1-34 of this complaint as paragraph 35 of this Count II.

36.   Under the FMLA, it is unlawful for an employer to interfere with, restrain or deny an employee's efforts to exercise his rights under the FMLA.  Under the FMLA, it is also unlawful for an employer to retaliate against an employee because the employee has exercised, or attempted to exercise, his rights under the FMLA.

37.   At all times relevant to this Complaint, Plaintiff was an "eligible employee" as defined in the FMLA.

38.   At all times relevant to this Complaint, Accenture was an "employer," as defined in the FMLA.

39. On information and belief, Accenture came to believe that Plaintiff had a serious medical condition that could require future FMLA-protected absences from work.

40. Accenture retaliated against Plaintiff by terminating his employment because he exercised his FMLA rights in violation of the FMLA and/or the Department of Labor's implementing regulations.

41. In addition, or alternatively, Accenture interfered with Plaintiff's FMLA rights by terminating his employment because, upon information and belief, Accenture anticipated that Plaintiff would need and seek additional future FMLA-protected absences from work in violation of the FMLA and/or the Department of Labor's implementing regulations.

42. Accenture's conduct caused Plaintiff to suffer damages sought herein.

43. Accenture willfully violated the FMLA and Plaintiff's FMLA rights. For example, between the time when Plaintiff returned to work in February, 2016, and the date when he was terminated, one of Accenture's managers made statements in the presence of Plaintiff and others in which he made derogatory remarks and complained about Plaintiff specifically—and Accenture employees generally—taking time off from work for medical reasons because it adversely impacted Accenture for financial and other reasons.

WHEREFORE, plaintiff Shane McConnell respectfully requests that the Court enter judgment in his favor and against defendant Accenture in an amount to be determined at trial including an order:

A. Finding that Accenture intentionally and willfully discriminated against Plaintiff, in violation of the FMLA;

B.	Reinstating Plaintiff to his former position, or a comparable position, with respect to pay and responsibilities or, if Accenture cannot reinstate the Plaintiff, to award the Plaintiff front pay, lost employee benefits and retirement benefits until he attains the age of 75;

C.	Making the Plaintiff whole by awarding back pay, benefits and liquidated damages;

D.	Awarding all available legal relief including actual and compensatory damages;

E.	Awarding reasonable attorney's fees and costs of this suit, including expert witness fees;

F.	Awarding pre-judgment interest in an amount to be determined at the time of trial; and

G.	Awarding any such other relief as is just and equitable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS**

Respectfully submitted,

KULWIN, MASCIOPINTO & KULWIN, L.L.P.

By: /s/ Jeffrey R. Kulwin

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T:  312.641.0300
F:  312.855.0350